**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **TIMOTHY M. NASH,** ) | **CASE NO. 1:12CV1422** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **ROBERT TOBIK,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* Plaintiff Timothy M. Nash filed this action under 42 U.S.C. §§ 1983, 1985, and 1986 against Cuyahoga County Public Defender Robert Tobik and Cuyahoga County Assistant Public Defenders Kathline Demetz and Jason Haller. In the Amended Complaint, Plaintiff alleges Defendants deprived him of his constitutional rights during the course of criminal proceedings in the Cuyahoga County Court of Common Pleas. He seeks immediate release and monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). For the reasons set forth below, that Application is **denied** and this action is dismissed.

**I. Background**

Plaintiff is a state prisoner, currently incarcerated at the Richland Correctional Institution in Mansfield, Ohio. He was indicted in September 2011 on charges of breaking and entering, grand theft, vandalism, and possessing criminal tools. *See* Cuyahoga County Ct. Cmn. Pl. Case No. CR-11-553521. He was released on bond in October 2011. *Id.* On November 28, 2011, Plaintiff was arrested again, this time for breaking and entering, theft, vandalism, disrupting public service, possessing criminal tools, and interference with electrical wires. *See* Cuyahoga County Ct. Cmn. Pl. Case No. CR-11-556979. He was indicted on these charges on December 7, 2011, and held as

a pre-trial detainee in the Cuyahoga County Jail. *Id.*

In the course of state proceedings relating to these two criminal cases, Plaintiff alleges Defendants Demetz and Haller, his public defenders, violated his constitutional rights by "concealing evidence and/or tampering with evidence directly or indirectly thereby participating in criminal acts of conspiracy, perjury, and tampering by the actions or lack of action by the defendants and even co-workers." (Doc. 4 at 3). He also asserts Defendants put him in "imminent danger of my health and safety," by allowing him to remain incarcerated and thereby exposed to harm from MRSA[1] disease and "serious injury from enemies who hate me who are throughout this jail." (Doc. 4 at 2). In documents filed subsequent to his Amended Complaint, Plaintiff further alleges he received medical treatment for "red bumps" on his body "that act as if [they are] MRSA decease." (Doc. 6 at 1).

The Cuyahoga County Court of Common Pleas docket reflects that Plaintiff was found guilty after jury trials in Case Nos. CR-11-553521 and CR-11-556979 of the following charges: breaking and entering, grand theft, vandalism, possessing criminal tools, disrupting public service, and interfering with electrical wires. He was sentenced to a term of 18 months imprisonment and post-release control for up to three years. The state court docket reflects Plaintiff was transferred from the Cuyahoga County Jail to a state prison facility on August 7, 2012.

Plaintiff filed a Complaint on June 6, 2012, seeking immediate release and monetary damages. (Doc. 1) He filed an Application to Proceed *In Forma Pauperis* on the same date. (Doc. 2). Plaintiff thereafter filed a "Writ of Injunction" on June 18, 2010 and two "supplements" to his Writ on July 26, 2010 and August 6, 2010. (Doc. 3, 5, 6). Plaintiff filed an Amended Complaint (Doc. 4) on July 10, 2010.

**II. Standard of Review for 28 U.S.C. § 1915(g)**

---

[1] Methicillin-resistant Staphylococcus aureus ("MRSA") is a type of staph bacteria that does not respond to some antibiotics that are commonly used to treat staph infections. *See* www.ncbi.nlm.nih.gov/pubmedhealth/PMH0004520.

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir.2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *3 (6th Cir. March 28, 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver,* 2011 WL 1105652 at *2 (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must

be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, No. 10-1388, 2012 WL 1700701 at *1 (6th Cir. May 15, 2012).

This Court has already found that Plaintiff herein has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). Specifically, in *Nash v. Kochavar*, Case No. 1:11CV329 (N.D. Ohio)(Gwin, J.), this Court noted that, while incarcerated, Plaintiff filed more than three previous actions which were dismissed as frivolous, including *Nash v. McFaul*, No. 1:11 CV 330 (N.D. Ohio April 1, 2011)(Polster, J.); *Nash v. Reid*, No. 1:11 CV 70 (N.D. Ohio Mar. 14, 2011)(Polster, J.); *Nash v. Reid*, No. 1:10 CV 2926, (N.D. Ohio Feb 1, 2011)(Boyko, J.); *Nash v. Cuyahoga County*, No. 1:10 CV 2386 (N.D. Ohio Dec. 20, 2010)(Oliver, J.); *Nash v. City of Cleveland*, No. 1:05 CV 1578 (Aug. 4, 2005)(Manos, J.); *Nash v. Cuyahoga County Metropolitan Housing Authority*, No. 1:98 CV 2145 (Nov. 2, 1998)(Nugent, J.).

Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his Complaint was filed. Plaintiff's allegations of "imminent danger" relate principally to his exposure to MRSA while he was incarcerated at the Cuyahoga County Jail and his concern that "red bumps" on his body may signal another MRSA infection. As an initial matter, this Court has already considered and addressed this issue in another action recently filed by Plaintiff, i.e. *Nash v. Cuyahoga County Jail*, Case No. 1:12CV1870 (N.D. Ohio)(Polster, J.). In that case, Plaintiff alleged he was in "imminent danger" due to the presence of "red bumps" on his body that he feared were signs of a recurring MRSA infection. The Court conducted a teleconference regarding Plaintiff's allegations on August 2, 2012 with Cuyahoga County Jail Director of Corrections Ken Kochavar, Assistant Law Director of the Cuyahoga County Law Department Christopher Russ, defendant Haller, and Plaintiff. During this teleconference, Plaintiff informed the Court that he had been seen by the Cuyahoga County Jail physician on July 16 and

given a ten-day course of antibiotics. He claimed the antibiotics did not cure the "red bumps." Accordingly, the Court issued an Order on August 3, 2012 requiring Plaintiff to be seen again by the physician for follow-up treatment by 3:00 p.m. on that date. *See Nash v. Cuyahoga County Jail*, Case No. 1:12CV1870 (N.D. Ohio) (Doc. 3 at 2).

In his "Supplement to Writ" filed August 6, 2012, Plaintiff states that, after the Court's teleconference, he "was taken immediately to the county jail medical floor for examination and culture." (Doc. 6 at 1). As Plaintiff has received medical attention pursuant to this Court's previous Order, the Court finds he is not in imminent danger of serious physical injury for purposes of § 1915(g).

Moreover, Plaintiff's allegations are insufficient to warrant relief for the additional reason that the only named defendants in this action are attorneys Robert Tobik, Kathline Demetz, and Jason Haller. As Cuyahoga County Public Defenders, these Defendants have no personal control over or responsibility for the daily operations of either the Cuyahoga County Jail or the Richland Correctional Institution ("RCI"). They are not legally responsible for conditions at the Jail or RCI that may have allegedly resulted in cases of MRSA, nor are they responsible for any medical treatment Plaintiff may have received at either of these institutions.

Finally, the Court notes that, on August 3, 2012, Plaintiff was permanently enjoined from filing new lawsuits or other documents in this Court without first seeking leave of Court to do so. *See Nash v. Cuyahoga County Jail*, Case No. 1:12CV1870 (N.D. Ohio) (Doc. 3 at 3-4). The Court has addressed the instant action because the Amended Complaint herein was filed prior to the entry of the August 3, 2012 permanent injunction. However, Plaintiff is cautioned that the terms of the injunction are still in effect, and he may not file any other new lawsuits or any other documents in this action without following the specific procedures set forth in this Court's Order dated August 3, 2012.

### III. Conclusion

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is denied and this action is

dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

                                                  */s/Dan Aaron Polster 9/28/12*
                                                  DAN AARON POLSTER
                                                  UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."